# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 23, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * | | |
| KATHLEEN ALMODOVA, as parent and natural guardian of A.A, a minor, | * * | UNPUBLISHED |
| | * | No. 19-1873V |
| Petitioner, | * * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Petitioner's Motion for a Decision |
| SECRETARY OF HEALTH | * | Dismissing Her Petition; Human |
| AND HUMAN SERVICES, | * | Papillomavirus Vaccine; Tetanus- |
| | * | Diphtheria -Acellular Pertussis ("Tdap") |
| Respondent. | * | Vaccine; Meningococcal Vaccine; Immune |
| | * | Thrombocytopenic Purpura ("ITP"). |
| * * * * * * * * * * * | | |

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for petitioner.
Austin J. Egan, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On December 11, 2019, Kathleen Almodova ("petitioner"), as parent and natural guardian of A.A., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of human papillomavirus ("HPV" or "Gardisil"), tetanus-diphtheria-acellular pertussis ("Tdap"), and Menactra (meningococcal) vaccines on March 23, 2018, A.A. developed immune thrombocytopenic purpura ("ITP"). Petition at Preamble. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On December 23, 2021, petitioner moved for a decision dismissing her case, stating that "[p]etitioner is unable to retain a hematologist expert to support causation-in-fact, and will therefore be unable to prove that she is entitled to compensation in the Vaccine Program," and thus, "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." Petitioner's Motion for Decision Dismissing Her Petition, filed Dec. 23, 2021, at ¶¶ 2-3 (ECF No. 46). Petitioner states that she understands that a decision by the Special Master will result in a judgment against her, and that she has been advised that such judgment will end all of her rights under the Vaccine Act. Id. at ¶ 4. Petitioner states that she intends to protect her right to file a civil action and to elect to reject the Vaccine Program judgment to file a civil action. Id. at ¶ 6. Respondent stated via e-mail they do not object to petitioner's motion dismissing her petition.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). The records submitted by petitioner show that she does not meet the statutory requirement under § 11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey  
Nora Beth Dorsey  
Special Master